UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE MARSHALL,

    Petitioner,

                                          CASE NO. 5:08-CV-10519
v.                                     JUDGE JOHN CORBETT O'MEARA
                                          MAGISTRATE JUDGE PAUL KOMIVES

SHIRLEE HARRY,

    Respondent.
                                       /

## REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS (docket #5)

I.    RECOMMENDATION: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion to dismiss (docket #5).

II.    REPORT:

A.    *Procedural Background*

Petitioner George Marshall is a state prisoner, currently confined at the Muskegon Correctional Facility in Muskegon, Michigan. Petitioner is serving three concurrent sentences of life imprisonment imposed as a result of his 1972 convictions for first degree criminal sexual conduct and two counts of armed robbery. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

- Petitioner was convicted of two counts of armed robbery and one count of first degree criminal sexual conduct on April 7, 1972, following a jury trial in Detroit Recorders' Court. Petitioner was sentenced on April 28, 1972.

- Petitioner claims that he filed a direct appeal in the Michigan Court of Appeals. He does not recall, and the record does not reveal, the date of the court of appeals's decision, but petitioner indicates that it was sometime in 1973. Petitioner also does not recall whether he filed an application for leave to appeal in the Michigan Supreme

Court.

- On October 21, 2004, petitioner filed a motion for relief from judgment in the trial court (now the Wayne County Circuit Court) pursuant to MICH. CT. R. 6.500-.508. The trial court denied the motion on December 15, 2005. The trial court denied petitioner's motions for reconsideration and for DNA testing on March 9, 2006.

- Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which was denied in a standard order on November 28, 2006. *See People v. Marshall*, No. 270359 (Mich. Ct. App. Nov. 28, 2006).

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied in a standard order on December 28, 2007. *See People v. Marshall*, 480 Mich. 1003, 742 N.W.2d 356 (2007).

On January 30, 2008, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] As grounds for the writ, petitioner raises eleven claims. Respondent filed a motion to dismiss on August 11, 2008, arguing that petitioner's habeas application is untimely. Petitioner filed a response to the motion on August 28, 2008. For the reasons that follow, the Court should grant respondent's motion to dismiss.[2]

B.  *Timeliness of Petitioner's Habeas Application*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In

---

[1]Although petitioner's application is file-stamped February 5, 2008, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner's application is dated January 30, 2008. Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on January 30, 2008.

[2]Because resolution of respondent's motion requires the Court to consider matters outside the pleadings, specifically the state court records, I treat the motion as one for summary judgment. *See* FED. R. CIV. P. 12(d).

2

relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[3]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. Petitioner does not argue that any of the provisions of subparagraphs (B) through (D) are applicable. Under the ordinary starting provision of subparagraph (A), petitioner's application is untimely. Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*,

---

[3] The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Petitioner's conviction became final some time in 1973, well prior to the April 24, 1996, enactment of the AEDPA limitations provision. Because petitioner's conviction became final prior to the adoption of the AEDPA, he had one year from the AEDPA's enactment in which to file a habeas petition. *See Brown v. O'Dea*, 187 F.3d 572, 576-77 (6th Cir. 1999); *Abreu v. Hoffman*, 82 F. Supp. 2d 749, 752 & n.2 (N.D. Ohio 2000); *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998) (Duggan, J.). Thus, the limitations began to run on April 24, 1996 and expired one year later, on April 24, 1997, absent any tolling. Because petitioner did not file his application until January 30, 2008, it is barred by the statute of limitations unless the limitations period was tolled for any reason.

Pursuant to the provisions of § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Petitioner's motion for relief from judgment was filed in the trial court on October 12, 2004. At this time, the limitations period had been expired for nearly 7½ years. It is well established that subsection (d)(2) is a tolling provision and therefore

4

a post-conviction motion only pauses the limitations clock; it "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *see also*, *Brooks v. McKee*, 307 F. Supp. 2d 902, 905 (E.D. Mich. 2004) (Gadola, J.). By the time petitioner filed his motion for relief from judgment, the one-year limitation period had already expired, and thus this filing cannot serve to toll the limitations period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); *Smith v. Stegall*, 141 F. Supp. 2d 779, 782-83 (E.D. Mich. 2001) (Gadola, J.).

C.  *Petitioner's Arguments*

Petitioner does not contest the foregoing calculation of the limitations period. Rather, petitioner contends that the Court should reach the merits of his claims because he is entitled to equitable tolling based on his illiteracy and because he is actually innocent. The Court should conclude that neither argument renders petitioner's application timely.

1.  *Equitable Tolling*

Petitioner contends that he is entitled to equitable tolling of the limitations period because he is illiterate and had no knowledge of the AEDPA or the one year limitations provision. To be entitled to equitable tolling of the limitations period, petitioner "must show '(1) that he had been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). "The petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

Here, petitioner has pointed to no extraordinary circumstance which prevented his timely filing. It is well established that a petitioner's *pro se* status and lack of knowledge of the law do not provide any bases for equitable tolling of the limitations period. *See Lattimore v. DuBois*, 311 F.3d

46, 55 (1st Cir. 2002); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (Rosen, J.). Likewise, petitioner's illiteracy does not provide a basis for tolling the limitations period. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999).

Petitioner also suggests that he has shown that he was denied his constitutional right to a fair trial. *See* Pet'r's Resp., at 2. However, the very existence of a statute of limitations presupposes that meritorious claims will not be considered when they are not diligently pursued. *See Steele v. United States*, 599 F.2d 823, 828-29 (7th Cir. 1979). For this reason, "[t]he tolling exception is not an open-ended invitation to the courts to disregard limitation periods simply because they bar what may be an otherwise meritorious cause." *School Dist. of the City of Allentown v. Marshall*, 657 F.2d 16, 20 (3d Cir. 1981). Thus, neither the importance nor the merit of petitioner's constitutional claims provides a basis for equitably tolling the limitations period. *See Rouse v. Lee*, 339 F.3d 238, 251-52 (4th Cir. 2003) (en banc).

2. *Actual Innocence*

Nor does petitioner's claim of innocence overcome the limitations bar. The Sixth Circuit has held that the actual innocence exception, which allows a court to review the merits of a habeas claim notwithstanding a procedural default, likewise exists for the habeas statute of limitations. *See Souter v. Jones*, 395 F.3d 577, 598-602 (6th Cir. 2005). In order to be entitled to the actual innocence exception, a petitioner must present "new and reliable evidence that was not presented at trial" that "show[s] that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 299 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would

6

have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327 (internal citation and quotation omitted). It is not sufficient to show merely that the evidence raises a reasonable doubt which did not otherwise exist. *See id.* at 329 ("The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in light of the new evidence, but rather that no reasonable juror would have found the defendant guilty."). "Examples of evidence which may establish factual innocence include credible declarations of guilt by another, trustworthy eyewitness accounts, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996) (citations omitted); *accord Schlup*, 513 U.S. at 324 (referring to "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"). *See generally*, *Souter*, 395 F.3d at 589-90.

Petitioner does not support his claim of innocence with any new, reliable evidence which would have led the trier of fact to acquit him. In his response, petitioner points to the fact that the physician who examined the victim immediately after the assault testified that the victim showed no signs of recent intercourse. *See* Pet'r's Resp., at 2. However, this evidence was presented to the jury, *see* Trial Tr., at 356-62, and thus does not constitute new evidence of petitioner's innocence. Petitioner also argues that a DNA test of the blood and semen found on the victim's panties would exonerate him. However, there is little reason to believe that this evidence still exists over 36 years after petitioner's conviction.[4] Further, petitioner does not explain how a DNA test of the blood and semen found on the victim's underwear would make it more likely than not that no reasonable juror would have convicted him. Although the underwear were introduced at trial, the prosecution's

---

[4]Effective January 2001, the state is now required to preserve DNA evidence until a convicted defendant is released from prison. *See* MICH. COMP. LAWS § 770.16(11). No comparable requirement existed in the nearly 29 years between petitioner's conviction and the enactment of the DNA testing statute.

7

witnesses testified that it could not be determined who was the source of the blood and semen, nor when they were deposited on the underwear. And, identity was not an issue at trial. There was no question that the victim was with petitioner and his brother, and that some incident occurred. The defense at trial was not one of mistaken identity, but a denial of the victim's testimony that a rape and robbery had occurred at all. Even if a DNA test established that the blood and semen on the panties did not belong to petitioner or his brother, this would not establish that a rape had not occurred. This is particularly so in light of petitioner's own repeated emphasis on the victim's testimony that she was not wearing the underwear at the time of the sexual assault, but had placed them in her pocket. In short, the case was not about physical evidence or identity, but was merely a credibility contest between the victim who claimed a rape had occurred and petitioner (and his brother) who claimed a rape had not occurred. In light of the testimony of the witnesses and the nature of the defense, DNA testing which found that the blood and semen on the victim's underwear did not come from petitioner would not make it more likely than not that no reasonable juror would have voted to convict petitioner. Thus, petitioner has failed to establish actual innocence under *Schlup*. *See Martin v. Trombley*, No. 05-CV-40039, 2006 WL 508665, at *7 (E.D. Mich. Feb. 28, 2006) (Gadola, J.); *Logmans v. Moore*, No. Civ. A. 02-5622, 2005 WL 1106336, at *23 (D.N.J. Apr. 29, 2005); *Raper v. Crosby*, No. 5:04CV171, 2005 WL 927354, at *5 (Jan. 12, 2005) (report of magistrate judge), *adopted by district judge*, 2005 WL 943703 (N.D. Fla. Apr. 1, 2005).

D.  *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the Court should grant respondent's motion to dismiss and should dismiss the petition.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 10/30/08

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on October 30, 2008.

s/Eddrey Butts
Case Manager