UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE MARSHALL,

      Petitioner,

                                CASE NO. 5:08-CV-10519
v.                            JUDGE JOHN CORBETT O'MEARA
                                MAGISTRATE JUDGE PAUL J. KOMIVES

SHIRLEE HARRY,

      Respondent.
_____/

**REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (docket #12)**

I.      RECOMMENDATION: The Court should deny petitioner's motion for relief from judgment.

II.     REPORT:

A.     *Procedural History*

Petitioner George Marshall is a state prisoner confined at the Muskegon Correctional Facility in Muskegon, Michigan. On January 30, 2008, petitioner filed a *pro se* application for the writ of habeas corpus challenging his 1972 convictions for armed robbery and criminal sexual conduct. On October 30, 2008, I filed a Report recommending that the court grant respondent's motion to dismiss based on petitioner's failure to comply with the one year statute of limitations, 28 U.S.C. § 2244(d). The Court adopted the Report and dismissed the petition on December 15, 2008. On February 10, 2009, petitioner filed this motion for relief from judgment pursuant to FED. R. CIV. P. 60(b). For the reasons that follow, the Court should deny the motion.

B.     *Analysis*

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his

case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence."

*Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Specifically, Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Notwithstanding Rule 60(b), the habeas statutes circumscribe the conditions under which a second or successive habeas petition may be considered. In particular, a claim which has already been adjudicated on the merits must be dismissed, a new claim may not be considered unless it relies on either a new, retroactive rule of constitutional law or new facts demonstrating actual innocence, and a successive petition may not be filed in the district court until authorization is obtained from the court of appeals. *See Gonzalez*, 545 U.S. at 529-30 (discussing 28 U.S.C. § 2244(b)(1)-(3)). Rule 60(b) applies only to the extent that it is not inconsistent with these rules governing successive petitions. *See id.* at 529 (citing Rule 11, 28 U.S.C. foll. § 2254). Generally, a Rule 60(b) motion which seeks vindication of a substantive claim for relief will be considered a prohibited successive petition, *see id.* at 531-32, whereas "[t]hat is not the case . . . when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* at 532. As the Court explained, "[i]f neither the motion itself nor the federal judgment from which it seeks relief addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as

denominated creates no inconsistency with the habeas statute or rules." *Id*. at 533.

Here, petitioner's motion for relief from judgment is not the functional equivalent of a prohibited successive petition. He does not raise any claims attacking the underlying conviction or assert any new or already decided claims as a basis for habeas relief. Rather, petitioner attacks the Court's conclusion that the petition is barred by the statute of limitations. In *Gonzalez*, the Court explicitly found that a Rule 60(b) motion "which alleges that the federal courts misapplied the federal statute of limitations set out in § 2244(d)" does not constitute a successive petition. *Gonzalez*, 545 U.S. at 533. Thus, the only question is whether petitioner is entitled to relief under Rule 60(b).

In support of his claim, petitioner relies on the catch-all provision found in Rule 60(b)(6). Specifically, petitioner contends that he is entitled to relief from judgment based on the Supreme Court's intervening decision in *Jimenez v. Quarterman*, 129 S. Ct. 681 (2009). The Court should conclude that *Jimenez* does not call into question the Court's resolution of the limitations issue, and thus does not warrant relief from judgment.

In finding that petitioner's claim is barred, I noted that the limitations period had expired well before petitioner had filed his state court motion for relief from judgment, and that although the time that motion was pending was tolled pursuant to 28 U.S.C. § 2244(d)(2), this provision "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000). In *Jimenez*, the Court held that where on state collateral review a petitioner has been granted a new direct appeal proceeding, the petitioner's conviction is no longer "final" for purpose of commencing the limitation period, and it only becomes final when the proceedings relating to the reopened appeal come to an end. *See Jimenez*, 129 S. Ct. at 685-86.

Petitioner contends that, because a state court could grant him a new appeal proceeding based on his ineffective assistance of appellate counsel claim, *Jimenez* applies and the limitations period should not start to run until after the conclusion of his state postconviction proceedings.

Petitioner's argument is without merit. Although the granting of a new, out of time direct appeal resets the limitations clock such that the period does not begin to run until those proceedings became final under *Jimenez*, the mere filing of a state postconviction proceeding which *could* result in the granting of a new appeal does not reset the limitations clock. As the Court explained, the mere "possibility that a state court may reopen direct review 'does not render convictions and sentences that are no longer subject to direct review nonfinal.'" *Jimenez*, 129 S. Ct. at 686 n.4 (quoting *Beard v. Banks*, 542 U.S. 406, 412 (2004)). Thus, "[w]hile the United States Supreme Court has held that the grant of a state motion to file an out-of-time direct criminal appeal resets the start date for the federal statute of limitations, state post-conviction proceedings, which were filed after the federal statute of limitations expired and were unsuccessful, do not restart the federal limitations period." *Jones v. McKune*, No. 08-3042, 2009 WL 465032, at *3 (D. Kan. Feb. 24, 2009). Here, petitioner was never granted a new direct appeal proceeding, nor was his direct appeal proceeding reopened. Thus *Jimenez* is inapplicable, and nothing in that decision calls into question the Court's conclusion that petitioner's application is barred by the statute of limitations. Accordingly, petitioner is not entitled to relief from judgment under Rule 60(b).

C.  *Conclusion*

In view of the foregoing, the Court should deny petitioner's motion for relief from judgment.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated: 3/24/09

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record  by electronic means or U.S. Mail on March 24, 2009.
>
> s/Eddrey Butts  
> Case Manager